**OF THE**
**STATE OF DELAWARE**

BONNIE W. DAVID
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Date Submitted: November 24, 2025
Date Decided: December 8, 2025

Jerzy Wirth
312 Riblett Lane
Wilmington, DE 19808

Blake J. Edwards
1303 Chalet Drive
Wilmington, DE 19808

Beau A. Edwards
1303 Chalet Drive
Wilmington, DE 19808

RE:  *Jerzy Wirth v. Blake J. Edwards, et al.*,
C.A. No. 2024-0144-BWD

Dear Litigants:

This letter responds to plaintiff Jerzy Wirth's ("Plaintiff") Motion for Final Clarification and, in the Alternative, Motion for Re-argument Under Rule 59(f) filed with the Court on November 24, 2025 (the "Motion"). Dkt. 114. I write for the parties, who are familiar with this matter, and refer other readers to the Court's June 13, 2025 post-trial oral ruling for a more detailed description of the pertinent factual background. *See* Dkt. 107.

Plaintiff and defendants Blake J. Edwards and Beau A. Edwards each own a one-third interest in property located at 1303 Chalet Drive in Wilmington, Delaware (the "Property"). Plaintiff acquired his one-third interest in the Property from minor

children B.E. and G.E. (together, the "Minor Defendants") pursuant to a Court-approved settlement in which Plaintiff purchased the Minor Defendants' respective one-sixth interests in the Property in exchange for a cash payment. Dkt. 83. Plaintiff attempted to acquire Blake J. Edwards and Beau A. Edwards' interests in the Property under two agreements for the sale of the Property, but the Court invalidated those agreements as unconscionable in its post-trial ruling.

On October 22, 2025, the Court entered an Order Imposing Equitable Lien (the "Initial Order") imposing an equitable lien in Plaintiff's favor against the Property in the amount of $112,697.33. Dkt. 109. On November 17, 2025, the Court entered an Order Modifying Equitable Lien (the "Modified Order") increasing the amount of the equitable lien against the Property to $160,784.60. Dkt. 113.

The Motion asks the Court to clarify how the equitable lien against the Property will be satisfied. To be clear, one-half of the equitable lien shall be satisfied from Blake J. Edwards' one-third interest in the Property and one-half of the equitable lien shall be satisfied from Beau A. Edwards' one-third interest in the Property. To the extent the Motion seeks clarification of that issue, it is GRANTED. To the extent the foregoing requires an order to take effect, IT IS SO ORDERED.

The Motion also argues that the Court should not have adjusted the equitable lien to account for the Minor Defendants' respective one-sixth (collective one-third)

interests in the Property.  The Initial Order and the Modified Order both explained that the amount of the equitable lien reflects two-thirds of the total amount that Plaintiff paid toward the Property, representing Blake J. Edwards and Beau A. Edwards' proportionate share of gains under the unconscionable agreements.  Dkts. 109, 113.  Plaintiff is not entitled to recover gains that the Minor Defendants received because (1) the settlement extinguished Plaintiff's claims against the Minor Defendants[1] and (2) in any event, the Motion offers no basis to charge the Minor Defendants' share of gains against Blake J. Edwards and Beau A. Edwards' interests in the Property.  Such an order would unfairly require Blake J. Edwards and Beau A. Edwards to reimburse Plaintiff for more than their proportionate share of his expenditures.

The Motion asks whether the Court considered certain evidence, which Plaintiff labels the "BPO Evidence," that was submitted after trial.  It did not.  In its post-trial ruling, the Court permitted Plaintiff to supplement the record with evidence "proving the amounts he paid toward the [P]roperty[.]"[2]  The Court did not permit

---

[1] *See* Dkt. 55 ¶¶ 3–5, 9.

[2] Tr. of 6-13-2025 Trial at 185:6–11 ("Although Wirth did not present evidence at trial proving the amounts he paid toward the property, I will permit him to supplement the record with that evidence within 30 days, and I will enter an appropriate order implementing this ruling after that."), Dkt. 107.  Plaintiff also did not introduce or discuss

additional evidence with respect to any other issue.  Accordingly, the Court did not,

and will not, consider Plaintiff's belated submission of other evidence.

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Vice Chancellor

---

Exhibits 13, C, E, F, or G at a subsequent evidentiary hearing held on October 16 to address the terms and amount of the equitable lien.  Dkt. 108.